[No. 11855.   Department Two.   November 14, 1914.]

LELA E. HYDE, *Respondent*, v. C. B. CLAUSIN, *Receiver etc.*,
*Appellant.*[1]

ABATEMENT AND REVIVAL—DEFECTS AS TO PARTIES—REPRESENTA-
TIVE CAPACITY—TRUSTEES—TERMINATION OF TRUST. An action to re-
cover possession of personal property does not abate because the evi-
dence shows that defendant obtained possession as trustee and was
not sued in that capacity, where presumptively he was acting as
trustee for a corporation, and his powers as such had ceased upon
his becoming receiver for the corporation, and he defended the ac-
tion as receiver.

SAME—REPRESENTATIVE CAPACITY—DEFENDANTS—WAIVER OF OBJEC-
TIONS. One defending his possession of property in his right as re-
ceiver of a corporation cannot claim that, in an action brought
against him as receiver, he was sued in the wrong capacity, in the
absence of direct evidence that he holds in some other capacity.

APPEAL—PRESERVATION OF GROUNDS—WAIVER. Objection that the
defendant had not been sued in the right capacity, cannot be made
on appeal when not raised below.

REPLEVIN—TITLE TO PROPERTY—EVIDENCE—SUFFICIENCY. In an ac-
tion to recover the possession of two rings, the evidence justifies the
finding that they belonged to the plaintiff, where it was practically
undisputed that she purchased one of the rings in another state with
her own funds, and that the other was taken by her, while president
of a jewelry company, from its stock with the consent of the company
while it was perfectly solvent.

PLEDGES—REDEMPTION—BY THIRD PERSON—RIGHTS OF PARTIES—
SUBROGATION. Where the plaintiff, as president of a jewelry com-
pany, had pledged her personal property to secure a loan to the com-
pany, and later a "trustee" of the company redeemed the pledge
with money of the company before the rights of creditors attached,
the redemption relieved the property of the lien of the pledge and
vested the right of possession in the plaintiff; hence the "trustee"
after being appointed receiver of the company in the interests of
creditors, cannot be subrogated to the rights of the pledgee.

SET-OFF AND COUNTERCLAIM—CAUSES ARISING OUT OF SAME TRANS-
ACTION—CONTRACT OR TORT—REPLEVIN. In an action against the re-
ceiver of a jewelry company to recover the possession of two rings,
at one time pledged by the president to secure a loan to the company,

[1]Reported in 144 Pac. 50.

but redeemed from the lien of the pledge prior to the receivership, the defendant cannot counterclaim for debt, due from plaintiff to the company, as shown by the books of the company; since the counterclaim did not arise out of the transaction set forth in the complaint as plaintiff's cause of action, nor was plaintiff's cause of action one arising on contract, within Rem. & Bal. Code, § 265, allowing counterclaims only in such cases.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered February 28, 1914, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*Samuel R. Stern,* for appellant.

*S. A. Mann* and *Lucius G. Nash,* for respondent.

PER CURIAM.—The respondent, while president and manager of the E. J. Hyde Jewelry Company, a corporation, pledged two diamond rings, along with other personal property, to a broker to secure a loan made by the broker to the corporation. The money procured was used in payment of obligations of the corporation. Subsequently the appellant Clausin was appointed "trustee" of the jewelry company, and while acting in that capacity, redeemed the pledged personal property, including the rings mentioned, with moneys belonging to the jewelry company. Later on, the corporation was declared insolvent in an action brought for that purpose, and the appellant was appointed receiver to wind up its affairs. Pending the receivership, the respondent demanded possession of the rings, claiming them to be her individual property. The receiver refused to turn them over to her, whereupon she brought the present action to recover them. She was successful in the court below, and the receiver appeals.

It is the appellant's first contention that, since the evidence shows that he redeemed the property while acting in the capacity of trustee, the action should abate because he was not sued in that capacity. But to this there are several answers. In the first place, the record is silent as to the meaning of

the term "trustee." It is shown that he was appointed by the respondent, acting as president and manager of the corporation, with that title, but for whom he was acting, and in what his powers and duties consisted, there is no showing. Presumptively he was acting as trustee for the corporation, and, this being so, his powers as such ceased when he became receiver under the appointment of the court. In the second place, he defends in his capacity as receiver, basing his defense on the claim that the property sought to be recovered is the property of the corporation, rightfully in his possession in his capacity as receiver of its property. Clearly, in the absence of direct and positive evidence that he holds the property in some other capacity than in his capacity of receiver, he cannot claim that he has been sued in a wrong capacity. In the third place, the record fails to show that this question was suggested in the court below. This alone is a bar to its consideration here, as it is a question that cannot be raised for the first time in the appellate court.

The receiver next questions the sufficiency of the evidence to justify the finding that the respondent is the owner of the rings. But on this question, we think the evidence preponderates in her favor. She testifies that one of the rings was purchased by her in another state, from moneys she received from the sale of certain corporation stock owned in her own right. The second one was taken from the stock of the jewelry company, with the consent of its then manager, long prior to the appointment of the receiver, and while the corporation was wholly solvent. There was little or no dispute as to these facts, and we think the court justified in finding that the rings were the property of the respondent.

The receiver next contends that no recovery of the property can be had without a refund of the money paid on their redemption. Had the receiver redeemed the property after his appointment as such, without knowledge of its ownership, the court would, perhaps, in the interests of the creditors of the corporation, subrogate him to the rights of the pledgees

from whom he redeemed, and require the return of the money paid in the redemption of the property, as a precedent condition to a recovery. But the property was redeemed prior to the appellant's appointment as receiver, while he was acting in another capacity, out of moneys belonging to the corporation, and before, in so far as the record discloses, the creditors' interests attached. The redemption, under the circumstances, relieved the property of the lien of the pledge and vested its right of possession in the respondent as the owner thereof. This right of possession was not changed by the fact that the appellant was subsequently appointed receiver, and received this property, with property of the corporation, in virtue of his office as such receiver. The ownership and right of possession still remained in the respondent, and the refusal to deliver the property to her on her demand was wrongful.

The receiver set up, as a counterclaim, an alleged indebtedness from the respondent to the corporation. On the trial, he offered the books of the corporation as evidence to show such indebtedness. On objection from the other side, the court excluded the evidence, on the ground that the matter pleaded was not a proper subject of counterclaim to the respondent's action. The objection was properly sustained. The code provides (Rem. & Bal. Code, § 265; P. C. 81 § 237):

"The counterclaim mentioned in the preceding section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action;

"(2) In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

Manifestly, the cause of action stated in the counterclaim did not arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, nor was the plaintiff's action an action arising on contract.

There is no reversible error in the record, and the judgment will stand affirmed.